UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT MENDOZA, | ) | Civil No. 05-CV-1938-L(NLS) |
| Petitioner, | ) ) | **ORDER GRANTING MOTION FOR MODIFICATION OF ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS [doc. #26]; and AMENDING THE JUDGMENT** |
| v. | ) ) | |
| ROBERT J. HERNANDEZ, | ) ) | |
| Respondent. | ) ) ) | |

Petitioner Robert Mendoza filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 that the Court granted on April 29, 2008. Judgment was entered in petitioner's favor. [doc. #26].

Petitioner seeks to have the Court modify its Order so that petitioner can secure his immediate release from custody in accordance with the relief sought in the petition. Respondent does not object to the motion insofar as it seeks to clarify the Court's Order granting the petition but contends petitioner is not entitled to the relief he sought, *i.e.,* release from custody or a reduction in petitioner's parole term. (Opp. at 1.) Respondent argues that the Court should remand the matter to the Governor to "proceed in accordance with due process." *Id.* at 2.

Respondent contends "this Court is not required to grant the relief requested by Petitioner," *Id.,* but offers no compelling reason for the Court to not grant immediate release to petitioner. In granting a petition for writ of habeas corpus, the relief granted is that asked for in

the petition. For example, in *McQuillion v. Duncan*, the Ninth Circuit Court of Appeals in the context of a parole rescission decision, directed the district court to "grant the writ" on remand. *McQuillion v. Duncan*, 342 F.3d 1012, 1015 (9th Cir. 2003). The district court ordered McQuillion's release. In a second review of the case, the Ninth Circuit stated: "The district court properly interpreted this instruction to mean that it should grant the relief sought by McQuillion and order his immediate release." *Id.* Here, the Court granted Mendoza's petition fully intending to provide for his immediate release from custody and to grant him credit for time served beyond the date of the Board's decision.[1]

Respondent contends, however, that the Court should remand to the Governor to proceed in accordance with due process. (Opp. at 2). But respondent's argument is without merit. The present case is not one where petitioner failed to receive a timely parole hearing or meaningful parole consideration. Petitioner received a timely and meaningful parole hearing. The Board thoroughly reviewed the myriad factors provided for by statute to determine petitioner was suitable for parole, *i.e.,* he would not pose an unreasonable risk of danger to society or a threat to public safety if released from prison.

"The Governor's constitutional authority is limited to a review of the materials provided by the Board." *McQuillion*, 342 F.3d at 1015. There is nothing in the record that could be used by the Governor to override the Board's record and decision[2] and "[a] remand to the Governor in this case would amount to an idle act." *Id.* Under the particular facts of this case, there is no justifiable reason to keep petitioner in custody for even a brief additional period of time.

Based on the foregoing, **IT IS ORDERED** petitioner's motion for modification of the

---

[1] The Court granted the habeas petition finding the state court's decision holding that the Governor's decision to overrule the Board was supported by some evidence constituted an unreasonable application of the "some evidence" principle articulated in *Superintendent v. Hill*, 472 U.S. 445 (1985).

[2] Although a court may grant habeas relief only if the California Court of Appeal acted contrary to or unreasonably applied clearly established Supreme Court precedent, or made an unreasonable determination of facts. *See* 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70-73 (2003), this Court also reviewed the materials that were before the Board and found no evidence to support a decision other than the one reached by the Board, *i.e.,* petitioner poses no danger to society.

Court's Order granting petition for habeas corpus is **GRANTED.**  The Court's April 29, 2008 Order is modified as follows:

> **IT IS FURTHER ORDERED** granting the petition for habeas corpus; vacating Governor Schwarzenegger's action dated November 9, 2004; reinstating the BPH's June 23, 2004 decision granting petitioner's parole; directing that petitioner be paroled immediately; and directing that petitioner's parole term be reduced by the time that his incarceration has exceeded the Board's June 23, 2004 decision and by including term credits to which he is entitled by law.

**IT IS FURTHER ORDERED** that the Clerk of the Court amend the judgment to reflect the modification set forth above.

**IT IS SO ORDERED.**

DATED: May 7, 2008

                                                                                    M. James Lorenz
                                                                                    United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL